**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br>        **Plaintiff**<br><br>           **v.**<br><br>**ALEXIS HERNANDEZ-VILLA**<br>        **Defendant** | **Criminal No. 05-176(JAG)** |

**MAGISTRATE-JUDGE'S REPORT AND RECOMMENDATION**
**RE: RULE 11 PROCEEDINGS (PLEA OF GUILTY)**

**I.     Personal Background**

On May 18, 2005, Alexis Hernández-Villa ("Hernández"), the defendant herein, was charged in a three-count Indictment with violations to Title 8 U.S.C. § 1326(a)(1)(2); Title 18 U.S.C. § 911 and Title 42, U.S.C. § 408(a)(7)(B). In general defendant Hernández appears charged for knowingly, willfully and intentionally reentering the United States after having been deported without obtaining prior consent from the United States Attorney General or his successor, the Secretary of Homeland Security (**Count One**); falsely and willfully represent himself to be a citizen of the United States by presenting to Officials at the Puerto Rico State Electoral Commission a Puerto Rico Birth certificate and United States Social Security card, both in the name of Víctor Ramón Contreras, for the purpose of attempting to gain a Puerto Rico Electoral Card (**Count Two**) and with intent to deceive by falsely representing number 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 to be the social security account number assigned by the Commissioner of Social Security to him, by using a Social Security card with this number on it in an attempt to obtain a Puerto Rico electoral card, when in fact such number is not the social security account number assigned by the Commissioner of Social Security to him (**Count Three**).

Subsequently, on June 6, 2005, defendant Hernández filed a written motion to enter a plea of guilty **as to all three counts** (**Docket No. 10**) and on July 5, 2005, he filed a written consent to have the Fed.R.Crim.P., Rule 11 proceedings taken by a Magistrate-Judge (**Docket No.17**).

The setting of the Change of Plea Hearing was referred to the undersigned (**Docket No. 13**). *United States v. Williams,* 23 F.3d 629 (2nd Cir.), *cert. denied,* 115 S.Ct. 641 (1994) (where defendant consented to the magistrate-judge taking his guilty plea to a felony, delegation to magistrate did not contravene Article III of the United States Constitution); *United States v. Ciapponi*, 77 F.2d 1247 (10th Cir. 1996).

The Change of Plea Hearing was held on July 5, 2005.

II.     **Consent to Proceed Before a Magistrate-Judge**

On July 5, 2005, while assisted by counsel and an interpreter, the defendant, by consent, appeared before me in order to change his previous not guilty plea, entered on May 25, 2005, to a plea of guilty **as to Counts One**, **Two and Three**. (*See* **Docket Nos. 8 and 18**.)

In open court the defendant was questioned as to the purpose of the hearing being held. Rule 11(c); *United States v. Cotal-Crespo*, 47 F.3d 1, 5 (1st Cir. 1995) ("At a minimum, Rule 11 requires that court address defendant personally in open court . . ."). Upon confirming his intent to plead guilty, the defendant was advised of his right to have all proceedings, including the change of plea hearing, before a District Judge. Defendant was further given notice of: (a) the nature and purpose of the hearing; (b) the fact that all inquiries were to be conducted under oath and was advised of the possible penalties for

committing perjury; and (c) his right to have the change of plea proceedings presided by a District Judge instead of a Magistrate-Judge.

In open court the defendant unequivocally reinstated his consent to have the change of plea hearing before this Magistrate-Judge (see **Docket Nos. 17 and 18**), a decision he had previously discussed with his counsel, with whom he states to be satisfied. *See* Rule 11(c)(5); *United States v. Dees,* 125 F.3d 261 (5th Cir. 1996);*United States v. Ciapponi*. 77 F.3d at 1250 (10th Cir. 1996) (magistrate-judge may conduct felony plea proceeding with defendant's express consent);*United States v. Williams*, 23 F.3d 629 (2nd Cir. 1994); *United States v. Bryson*, 981 F.2d 720 (4th Cir. 1992) (consent to proceed before United States magistrate-judge must be clear, unequivocal and unambiguous); *United States v. Khan*, 774 F.Supp. 748 (E.D.N.Y. 1991) (taking of guilty pleas may be referred to United States magistrate-judges upon consent of defendant and referred is valid even if United States Attorney does not consent to referral). *See also United States v. Dees*, 125 F.3d 261 (5th Cir. 1997).

III.     **Proceedings Under Rule 11, Fed.R.Crim.P.**

A.  **Compliance With Requirements Rule 11(c)(1)**

Defendant was advised of the nature of all offenses for which he was being charged. More so, of the charges and allegations contained in **Counts One, Two and Three** the offenses to which he is pleading guilty.

To this Magistrate-Judge's detailed and specific questioning, **defendant Hernández admitted that he knowingly, willfully and intentionally reentered the United States after having been deported without obtaining prior consent from the United States Attorney General or his successor, the Secretary of Homeland Security; to falsely and willfully represent himself to be a citizen of the United States by presenting to Officials**

Criminal No. 05-176 (JAG)                                                                                         Page No. 4

at the Puerto Rico State Electoral Commission a Puerto Rico a birth certificate and a Social Security card, both in the name of Víctor Ramón-Contreras, for the purpose of attempting to gain a Puerto Rico Electoral Card and he also admitted that, with intent to deceive he falsely represented and used the social security number 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 as his, while attempting to obtain a Puerto Rico electoral card. At the time, defendant knew such number was not the social security account number assigned by the Commissioner of Social Security to him. *See United States v. Martínez-Martínez*, 69 F.3d 1215, 1220 (1st Cir.1995) (court's personal examination of defendant required to ensure defendant's understanding of charges against him) (citing *United States v. Martínez-Molina*, 64 F.3d 719 (1st Cir. 1995)).

In response to further questioning, defendant explained he understood that if convicted as charged in Count One of the Indictment he was exposed to a possible maximum term of two (5) years of imprisonment, and/or fined in the amount of two hundred fifty thousand dollars ($250,000.00) and that a supervised release term of not more than three (3) years could be imposed.

In regards to Count Two, defendant acknowledged he could be sentenced to a three (3) year maximum term of imprisonment, fined up to $250,000 and a supervised release term of at least one (1) year.

In regards to Count Three, defendant is exposed to a five (5) year term of imprisonment, a fine up to $250,000 or both, and a supervised release term of not more than three (3) years.

Defendant acknowledged that he was to pay a monetary assessment fee in the amount of $300.00 (18 U.S.C. §§ 3583 and 5033).

Criminal No. 05-176 (JAG) Page No. 5

Defendant was advised that sentence was a matter solely for the Court to decide and warned that if, in the Court's discretion, the maximum imprisonment term and fine were to be imposed upon him, he later could not withdraw his guilty plea.

Defendant was explained what a monetary assessment fee and supervised release term constitute. As well, he was advised that in passing sentence the Court had to consider the criteria fixed by the sentencing guidelines; the factors to be considered under such guidelines; the fact that the Court could abide by the recommended sentencing range or depart from that range, provided that findings were made; and that, in doing so, the Court could and would consider all relevant facts outlined by the defense, the prosecutor and the probation officer.

Emphasis was made on the fact that at this stage no prediction or promises as to the sentence to be imposed could be made by anyone. Defendant was further advised that any sentencing guideline computation and/or sentencing recommendation was only a recommendation to the Court. Defendant affirmed that no promises, threats or predictions as to what sentence will be imposed have been made.

**B. Admonishment of Constitutional Rights**

Counsel for defendant stated having advised defendant of his constitutional rights. Defendant agreed with counsel's statements and assured that he had understood his explanation.

To assure defendant's comprehension and full awareness of his rights, defendant was advised of his right to:

1. Remain silent and be presumed innocent, inasmuch as it is the government who has the burden of proving **all** elements of the offense charged.
2. Testify or not to testify at trial, inasmuch as no adverse inference could be drawn from his decision not to testify.

3. A speedy trial before a District Judge and a Jury, at which he would be entitled to see and cross examine the government witnesses, present evidence on his behalf, challenge the government's evidence, the circumstances surrounding his arrest and the voluntariness and admissibility of any statement he might have given.

4. Have a verdict rendered by an unanimous jury which subjected the government to the burden of convincing twelve persons of defendant's guilt beyond reasonable doubt by means of competent evidence.

5. Use the subpoena power of the Court to compel the attendance of witnesses, location and production of identifiable evidence he could use on his behalf.

6. Be assisted and remain assisted by counsel throughout all stages of the proceedings, including trial and sentencing.

Upon listening to defendant's particularized responses, observing his demeanor and corroborating with counsel, that to the best of counsel's belief defendant had fully understood his rights as explained to him prior to the hearing, it is determined that defendant is fully cognizant of his constitutional rights, which he stated he had understood and previously discussed with counsel. *See United States v. Cotal-Crespo*, 47 F.3d at 4 (due process requires that guilty plea amount to voluntary relinquishment of known right) (citing *McCarthy v. United States*, 394 U.S. 459, 466 (1969)).

Defendant was given the opportunity to seek further clarification, if needed, from either counsel or this Magistrate-Judge. Defendant declined said opportunity asserting he fully understood his constitutional rights. (*See* Rule 11(c)(2) and (3).)

**C. Consequences of Pleading Guilty**

Criminal No. 05-176 (JAG)                                                                                              Page No. 7

Upon advising defendant of his constitutional rights, he was further advised of the consequences of pleading guilty. Specifically, defendant was advised that by pleading guilty and upon having his guilty plea accepted by the Court, he will be giving up (waiving) his right to:

1. Remain silent inasmuch as he would be called to state for the record why he considered himself guilty and respond to the Court's questions regarding the elements of the offense charged.

2. See and cross-examine the government witnesses inasmuch as the Court was to examine the government's proffer to pass upon the sufficiency of the government's evidence but no witnesses were to be called for him to cross-examine.

3. Present evidence on his behalf and be presumed innocent and that he was to be adjudged guilty based upon his admissions.

4. Challenge the government's evidence or petition the Court to have all or some of the government's evidence suppressed or excluded.

**Considering that defendant is an alien, citizen of the Dominican Republic, he was advised of the possible administrative consequences (before the U.S. Immigration & Naturalization Service) that this conviction may entail.**

Furthermore, defendant Hernández was re-admonished of the fact that by pleading guilty he was not to be allowed later on to withdraw his plea because he eventually might disagree with the sentence imposed, and that if under any kind of supervision (probation, parole or supervised release) that privilege could be revoked and he could be required to serve an additional term of imprisonment.

To specific questions of this Magistrate-Judge, defendant acknowledged that the decision of pleading guilty is one he has pondered for quite some time and that he authorized his attorney to engage in plea bargaining negotiations after having examined the government's evidence against him and having discussed with counsel his legal options and sentencing alternatives as well.

Being fully satisfied that defendant was fully aware of the nature of the charges pending against him, the minimum and maximum penalties prescribed by law, his constitutional rights and the consequences of him waiving these rights, we consider his plea one that is voluntary, knowingly and intelligently made.

**D.  Plea Agreement**

**There is no plea agreement.  Though possible negotiation of a plea agreement was considered, counsel for the parties had different views regarding the application of the sentencing guidelines.  However, defendant was advised that:**

> **1.  There being no plea agreement or sentencing recommendation being made to the sentencing court, the Court was free to impose any sentence, up to the maximum statutory term.  More so, at the time of sentence the Court will decide whether such sentences in Counts One thru Three are to be imposed concurrent or consecutively**

Defendant acknowledged having understood this explanation.

**E.  Government's Evidence (Basis in Fact)**

The government presented, as described in the Indictment, a proffer of its evidence with which the defendant concurred.

Counsel for defendant clearly asserted having received full discovery from the government and being in full agreement with the government's proffer inasmuch as he had no evidence to rebut the same. Defendant further verified having discussed said version with his attorney prior to this hearing. **Defendant Hernández admitted, as alleged by the government, that on or about April 19, 2005, he represented himself to be a U.S. Citizen named Víctor Ramón-Contreras and in support, he showed and used a social security card that he knew was not his while attempting to obtain an electoral card issued under a false name. He also admitted having been previously deported or removed from the United States and that he had not obtained previous authorization from the Attorney General of the United States prior to reembarkation. Defendant Hernández acknowledged that among the government's evidence are the Puerto Rico birth Certificate, Social Security card, file of his prior deportation and warning for alien removed or deported.**

Accordingly, it is determined that there is a basis in fact and evidence to establish all elements of the offense charged. *See United States v. Martínez-Martínez*, 69 F.3d at 1220 (defendant's admission to government's statement of facts sufficient to ensure defendant's understanding of charges); Rule 11(f) Fed.R.Crim.P.

### F. Voluntariness

Throughout the proceedings defendant Hernández stated that he understood his rights and recognized he had falsely and willfully represent himself to be a citizen of the United States.

He accepted that no leniency had been promised, no threats had been made to induce him to plead guilty and that he did not feel pressured to plead guilty. *See United States v. Cotal-Crespo*, 47 F.3d at 4 (voluntariness or absence of coercion is one of "core concerns" of Rule 11 procedures).

Defendant clarified and stated for the record he had had ample opportunity to discuss his case with his counsel who had explained to him the nature of the charges, the possible maximum penalties, his constitutional rights and consequences of his plea.  Defendant was given and declined an additional opportunity to consult any other matter with his counsel prior to entering his plea.

Defendant stated he was satisfied with the legal services provided by his counsel.

**IV.   Conclusion**

The defendant, by consent, has appeared before me pursuant to Rule 11, Fed.R.Crim.P., and has entered a plea of guilty to **Counts One, Two and Three** of the Indictment charging a violation to Title 8, U.S.C. § 1326(1)(1)(2); Title 18, U.S.C. § 911 and Title 42, U.S.C. § 408(a)(7)(B)

After cautioning and examining the defendant under oath and in open court, concerning each of the subject matters mentioned in Rule 11, as described in the preceding sections, it is determined that the defendant (a) is competent to enter this plea and is fully oriented as to time, space and person;  (b) is aware of the nature of the offenses charged and the maximum statutory penalties that the same carries; (c) understands that the charges are supported by the government's evidence; (d) has admitted to every element of the offense charged; and (e) has done so in an intelligent and voluntary manner with full knowledge of the consequences of his guilty plea.  *See*, *United States v. Isom*, 85 F.3d 831, 835 (1st Cir.

1996) (core concerns of Rule 11 proceedings are: 1) absence of coercion; 2) the defendant's understanding of the charges; and 3) defendant's knowledge of the consequences of the guilty plea.

Therefore, it is **RECOMMENDED** that this Court accept defendant's guilty plea as to **Counts One, Two and Three** of the Indictment and that he be adjudged guilty and have sentence imposed accordingly.

**A presentence investigation report was ordered (Docket No. 19). Defendant was notified, in open court, that the sentencing date has been set for October 7, 2005 at 11:30 a.m., before the Honorable Judge Jay A. García-Gregory.**

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(a) of the Local Rules of Court. Any objections to the same must be specific and must be filed with the Clerk of Court **within ten (10) days** of its receipt. Rule 510.1, Local Rules of Court; Fed. R. Civ. P. 72(b). Failure to timely file specific objections to the Report and Recommendation is a waiver of the right to review by the District Court. *United States v. Valencia-Copete,* 792 F.2d 4 (1st Cir. 1986); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980). The parties are advised that review of a Magistrate-Judge's Report and Recommendation by a District Judge does not necessarily confer entitlement as of right to a *de novo* hearing and does not permit consideration of issues not raised before the Magistrate-Judge. *Paterson-Leitch v. Massachusetts Elec.,* 840 F.2d 985 (1st Cir. 1988).

**SO RECOMMENDED.**

At San Juan, Puerto Rico, this 21st day of July, 2005.

Criminal No. 05-176 (JAG) Page No. 12

                                                            S/**AIDA M. DELGADO-COLON**
                                                            **U.S. Magistrate-Judge**